IN RE ESTATE OF MAY COOKE.
HENRY M. KALSCHEUER v. CLAUDE H. ALLEN
AND OTHERS.[1]

June 6, 1941.

No. 32,861.

[1]Reported in 298 N. W. 571.

*Claude H. Allen* and *Kyle & Kyle,* for appellants.
*Kennedy & Kennedy,* for respondent.

HOLT, JUSTICE.

After a verdict for respondent in the sum of $2,000, appellants' motion in the alternative for judgment notwithstanding the verdict or a new trial was denied, and they appeal.

The decision on a former appeal is reported in In re Estate of Cooke, 207 Minn. 437, 292 N. W. 96. We there held that upon that record the verdict of $2,125 was excessive. The present verdict was rendered upon the same claim. In the decision referred to there was an adequate statement of the basis of the claim and the applicable law. A perusal of the record of this trial shows a painstaking effort on the part of court and counsel to avoid error and conform to the law of the former decision.

In the former trial the evidence as to the value of respondent's services was estimated more on the basis of the size of a promised testamentary reward; whereas on this trial there was an endeavor to prove the actual number of hours respondent devoted to the business of the Cookes during the six years preceding Mrs. Cooke's death. His estimate was that he had spent 3,328 hours doing what the Cookes requested him to do. And he also testified that the reasonable value of his services was $2.50 an hour. The jury had the right to discount both the time and the value he gave. But, on the other hand, it cannot be denied that there is ample support in respondent's testimony for the size of the verdict, unless we assume the functions of the jury. Two juries and two trial judges have arrived at about the same result, and it is not for this court to say, upon this record, that the verdict is excessive or that it is not supported by sufficient evidence. In the present trial it was brought out with some particularity that a great deal of time was given by respondent to investigating various chances of investment at the instance of Mr. Cooke, which were found unsafe and upon

respondent's advice were abandoned. Nothing is to be gained by discussing the very numerous items of the services rendered during the six years involved. Appellants were not entitled to a directed verdict or judgment *non obstante* on the theory that compensation should be by testamentary gift alone, or upon the ground that respondent was concluded by the former decision. We think that decision was upon the record then before us.

Do any errors assigned entitle to a new trial? Appellants objected to any evidence in respect to services rendered by respondent at the request of Mr. Cooke and also moved to strike all such testimony from the record upon the ground that no claim for such services was filed in the probate court, and that the district court was without jurisdiction to try any claim not asserted in the probate court. The objection was overruled, and the testimony was not stricken. We deem the action of the trial court correct. The claim was filed in Mrs. Cooke's estate because the agreement between respondent and the Cookes was that, since they held all their property so that it was to go to the survivor, respondent's services should be paid out of the estate of the survivor. On appeal from the probate court issues are framed for trial *de novo* in the district court. There can be no contention that as to respondent's claim proper issues were not made in the district court.

Misconduct is also assigned against respondent's attorney. His entire argument is in the record. That of appellants' counsel was not taken. We see nothing objectionable in the argument. No wrongdoing was charged against the attorney who drew Mrs. Cooke's will, and it is difficult to imagine how the remarks to which exception have been taken could have wrongfully prejudiced appellants.

The order is affirmed.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board, took no part in the consideration or decision of this case.

MR. JUSTICE STONE took no part in the consideration or decision of this case.